THE AGUILERA LAW GROUP, APLC
A. Eric Aguilera (SBN 192390)
eaguilera@aguileragroup.com
Lindsee Falcone (SBN 268072)
lfalcone@aguileragroup.com
V. René Daley (SBN 199914)
rdaley@aguileragroup.com
23046 Avenida De La Carlota
Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601

Attorneys for Plaintiffs, TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, CHARTER OAK FIRE INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY OF AMERICA and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation; TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut Corporation; CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut Corporation; TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation; <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>SR CONSTRUCTION, INC. dba SR BUILDERS, a Nevada Corporation; and DOES 1 through 10 inclusive, <br><br>　　　　Defendants. | Case No.: <br><br>**COMPLAINT FOR:** <br><br>　1. **DECLARATORY RELIEF; AND** <br>　2. **EQUITABLE REIMBURSEMENT** |

1

**PLAINTIFFS' COMPLAINT**

Come now Plaintiffs TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, CHARTER OAK FIRE INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY OF AMERICA, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter collectively referred to as "Plaintiffs") and plead the following allegations on information and belief in support of their complaint herein:

## JURISDICTION

1. Plaintiff TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("TICC") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TICC is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

2. Plaintiff THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("TICA") is now, and at all relevant times was, a corporation existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TICA is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

3. Plaintiff CHARTER OAK FIRE INSURANCE COMPANY ("CHARTER OAK") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. CHARTER OAK is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

4. Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TPCC") is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place

**PLAINTIFFS' COMPLAINT**

of business in Connecticut. TPCC is, and at all relevant times was, an insurance carrier eligible to do business as an insurer in the State of California.

5. Plaintiffs are informed and believe and thereon allege that Defendant SR CONSTRUCTION, INC., doing business as SR Builders (hereinafter referred to as "SRC"), is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. Plaintiffs are informed and believe and thereon allege that SRC is a general contractor doing business in California.

6. Defendants sued herein as DOES 1 through 10, inclusive, are sued herein by such fictitious names because Plaintiffs are unaware of the true names and capacities of said DOE Defendants. Plaintiffs will amend this Complaint to reflect the true names when the same are ascertained. Plaintiffs are informed and believe and thereon allege that said DOE Defendants are responsible for the acts, events, and circumstances alleged herein, or are interested parties to this action.

7. This Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars. The amount in controversy exceeds the jurisdictional minimum and represents the costs of defense and indemnity sought by SRCI in connection with SRC's indemnification in the action currently pending in American Arbitration Association, Case No. AAA #01-20-0000-6147 entitled *Palm Springs, LLC v. SR Construction, Inc*. (the "Underlying Action").

## VENUE

8. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California. The Underlying Action is pending in

this judicial district.  Venue, therefore, lies with this Court, as a substantial part of the events which are the subject of the claims asserted herein are located and/or took place in this judicial district.

## GENERAL ALLEGATIONS

9. Critical Electric Systems Group, LLC ("Critical Electric") entered into a subcontract with SRC to provide electrical work at the Project.  SRC contends that in its subcontract with Critical Electric, Critical Electric was required to make SRC an additional insured under its CGL policies.

10. On May 17, 2018, Eide Industries, Inc. ("Eide") entered into a subcontract with SRC wherein Eide would provide awnings and canopies for the Project.  SRC contends that in its subcontract with Eide, Eide was required to make SRC an additional insured under its CGL policies.

11. On January 18, 2018, West Coast Fire & Integration, Inc. ("West Coast Fire") entered into a subcontract with SRC to supply and install the fire alarm system for the Project.  SRC contends that in its subcontract with West Coast Fire, West Coast Fire was required make SRC an additional insured under its CGL policies.

12. On January 3, 2019, SRC entered into a subcontract with Western Casework Corporation ("Western Casework") to supply and install millwork at the Project.  SRC contends that in its subcontract with Western Casework, Western Casework was required to make SRC an additional insured under its CGL policies.

### A. Travelers Critical Electric Policies

13. TICA and Charter Oak issued the following commercial general liability policies to Critical Electric:

| Insurer | Policy Number | Policy Period |
|---|---|---|
| TICA | DT-CO-7F186889-TIA-17 | 4/1/2017 to 4/1/2018 |
| TICA | DT-CO-7F186889-TIA-18 | 4/1/2018 to 4/1/2019 |

4

**PLAINTIFFS' COMPLAINT**

| TICA | DT22-CO-7F186889-TIA-19 | 4/1/2019 to 4/1/2020 |
|---|---|---|
| Charter Oak | DT22-CO-7F186889-COF-20 | 4/1/2020 to 4/1/2021 |

14. The above reference policies are collectively referred to as the "Travelers Critical Electric Policies".

15. The Travelers Critical Electric Policies contain Commercial General Liability Form CG T1 00 02 19, which provides in part as follows:

SECTION I – COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement.

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

16. Under the terms of the Travelers Critical Electric Policies, TICA and Charter Oak respectively have an obligation to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period (subject to various limitations and exclusions in the policies).

**B.     Travelers Eide Policies**

17. TPCC issued the following commercial general liability policies to Eide:

| Policy Number | Policy Period |
|---|---|
| Y-630-9E191212-TIL-17 | 8/24/17 to 8/24/18 |
| Y-630-9E191212-TIL-18 | 8/24/18 to 8/24/19 |

5

**PLAINTIFFS' COMPLAINT**

| | |
|---|---|
| Y-630-9E191212-TIL-19 | 8/24/19 to 8/24/20 |
| Y-630-9E191212-TIL-20 | 8/24/20 to 8/24/21 |

18. The above reference policies are collectively referred to as the "Travelers Eide Policies".

19. The Travelers Eide Policies contain Commercial General Liability Form CG 00 01 10 01, which provides in part as follows:

SECTION I – COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement.

We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

20. Under the terms of the Travelers Eide Policies, TPCC has an obligation to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period (subject to various limitations and exclusions in the policies).

**C. Travelers West Coast Fire Policies**

21. TICC issued the following commercial general liability policies under some or all of which West Coast Fire & Integration, Inc. is identified as a named insured:

| Policy Number | Policy Period |
|---|---|
| DT22-CO-5K349238 | 1/15/18 to 1/15/19 |

6
**PLAINTIFFS' COMPLAINT**

| DT22-CO-5K349238 | 1/15/19 to 1/15/20 |
| --- | --- |
| DT22-CO-5K349238 | 1/15/20 to 1/15/21 |
| DT22-CO-5K349238 | 1/15/21 to 1/15/22 |

22. The above reference policies are collectively referred to as the "Travelers West Coast Fire Policies".

23. The Travelers West Coast Fire Policies contain Commercial General Liability Form CG 00 01 10 01, for policy periods 1/15/18 to 1/15/19 and 1/15/19 to 1/15/20, and Commercial General Liability Coverage Form CG T1 00 (02-19) for policy periods 1/15/20 to 1/15/21 and 1/15/21 to 1/15/22. These commercial general liability forms provide, in substantively identical language:

> SECTION I – COVERAGES
>
> COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement.
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

24. Under the terms of the Travelers West Coast Fire Policies, TPCC has an obligation to pay those sums that an insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period (subject to various limitations and exclusions in the policies).

7

**PLAINTIFFS' COMPLAINT**

### D. Travelers Western Casework Policies

25. Charter Oak issued the following commercial general liability policies to Western Casework:

| Policy Number | Policy Period |
|---|---|
| Y-630-8M889332-COF-19 | 1/1/19 to 1/1/20 |
| Y-630-8M889332-COF-20 | 1/1/20 to 1/1/21 |
| Y-630-8M889332-COF-21 | 1/1/21 to 1/1/22 |

26. The above reference policies are collectively referred to as the "Travelers Western Casework Policies".

27. The Travelers Western Casework Policies contain Commercial General Liability Form CG 00 01 10 01, for the 1/1/19 to 1/1/20 policy period, and Commercial General Liability Coverage Form CG T1 00 (02-19) for policy periods 1/1/20 to 1/1/21 and 1/1/21 to 1/1/22 policy periods. These commercial general liability forms provide, in substantively identical language:

> SECTION I – COVERAGES
>
> COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement.
>
> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

28. Under the terms of the Travelers Western Casework Policies, Charter Oak has an obligation to pay those sums that an insured becomes

legally obligated to pay as damages because of "property damage" caused by an "occurrence" during the policy period (subject to various limitations and exclusions in the policies).

## THE HYATT ANDAZ HOTEL PROJECT

29. This action arises out of a $50 million project to build a 150-room luxury boutique hotel in Palm Springs, California (the "Project"). On August 25, 2017, Palm Springs, LLC and SRC entered into a contract pursuant to which SRC agreed to take over the construction of the Project after another general contractor could not complete the Project.

30. On January 5, 2018, Critical Electric entered into a subcontract with SRC to provide electrical work at the Project. SRC contends that in its subcontract with West Coast Fire, West Coast Fire was required to make SRC an additional insured under tis CGL policies.

31. On May 17, 2018, Eide entered into a subcontract with SRC wherein Eide would provide awnings and canopies for the Project. SRC contends that in its subcontract with Eide, Eide was required to make SRC an additional insured under its CGL policies.

32. On January 18, 2018, West Coast Fire entered into a subcontract with SRC to supply and install the fire alarm system for the Project. SRC contends that in its subcontract with West Coast Fire, West Coast Fire was required make SRC an additional insured under its CGL policies.

33. On January 3, 2019, SRC entered into a subcontract with Western Casework to supply and install millwork at the Project. SRC contends that in its subcontract with Western Casework, Western Casework was required to make SRC an additional insured under its CGL policies.

34. Plaintiffs are informed and believe and thereon allege that after SRC took over construction at the Project a number of problems were discovered thereby leading to a conflict between the developers and SRC

regarding the Project.

35. On October 22, 2019, the developer terminated its contract with SRC. SRC immediately terminated all subcontracts it had entered in connection with the Project, including those detailed above, and left the Project.

## THE UNDERLYING LITIGATION

36. On December 7, 2020, Palm Springs, LLC filed a demand for arbitration against SRC (the "Underlying Action"). Within its demand, Palm Springs alleged a claim for breach of contract against SRC for the following:

- Failing to complete the Project;
- Failing and refusing to pay subcontractors for work on the Project;
- Failing and refusing to turn over materials paid by Palm Springs;
- Failing and refusing to provide sufficient resources to meet the Project schedule;
- Failing to take action to mitigate delays to the Project caused by SRC;
- Failing to properly manage the Project schedule;
- Failing to properly manage Project subcontractors;
- Requiring subcontractors to perform work not required by the Project plans and specifications;
- Failing and refusing to timely resolve subcontractor claims and liens to the detriment of Palm Springs and the Project;
- Failing to meet onsite as required by the dispute resolution provisions of the Contract;
- Providing defective work and failing to timely correct such work as required by the terms of the Contract; and
- Western failed to perform as required by the Bond.

10

**PLAINTIFFS' COMPLAINT**

37. The defense of SRC in the Underlying Action was tendered to TICC, TICA, CHARTER OAK and TPCC and each of the insurers agreed to fully defend SRC in the Underlying Action, subject to a reservation of rights.

## FIRST CAUSE OF ACTION FOR
## DECLARATORY RELIEF
### (By Plaintiffs Against All Defendants)

38. Plaintiffs hereby re-allege and incorporate by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth herein.

39. An actual, present, and justiciable controversy has arisen and now exists between Plaintiffs, on the one hand, and SRC on the other, concerning Plaintiffs' rights, duties, and obligations under the Critical Electric, Eide, West Coast Fire, and Western Casework Policies.

40. Specifically, Plaintiffs contend and are informed and believe that SRC dispute the following:

- Plaintiffs have no obligation to defend or indemnify SRC for claims in the Underlying Action;

41. Plaintiffs assert and contend that declaratory judgment is both necessary and proper at this time for the court to determine the respective rights, duties, and obligations as between Plaintiffs and SRC under the provisions of the applicable policies of insurance.

## SECOND CAUSE OF ACTION FOR
## EQUITABLE REIMBURSEMENT
### (By Plaintiffs Against All Defendants)

42. Plaintiffs hereby re-allege and incorporate by reference each allegation contained in all preceding paragraphs of this Complaint as though fully set forth herein.

43. Plaintiffs have paid or will pay certain defense fees and costs

incurred by SRC in defense in the Underlying Action. Plaintiffs did not pay these sums as a volunteer. When Plaintiffs agreed to participate in SRC's defense, they reserved their rights to seek reimbursement from SRC of any defense related payments that they may make that are not potentially covered under the applicable insurance policies.

44. Plaintiffs' insurance policies require that they defend and indemnify only those claims covered under their respective policies. To the extent that Plaintiffs pay fees or costs incurred by or on behalf of SRC in connection with the Underlying Action, which fees or costs are not potentially covered under Plaintiffs' insurance policies, SRC will have been unjustly enriched by such payments.

45. As a result of SRC's unjust enrichment, a quasi-contractual right of reimbursement has arisen in favor of Plaintiffs in the amount paid for the defense of claims not potentially covered under Plaintiffs' insurance policies, plus interest. The precise amount of the reimbursement that is appropriate will be subject to proof at trial.

## PRAYER FOR RELIEF

Plaintiffs respectfully prays for judgment, as follows:

1. For a judicial declaration that (1) Plaintiffs have no obligation to defend or indemnify SRC for claims in the Underlying Action; (2) That Plaintiffs are entitled to the reimbursement of all fees and costs they incurred in defending SRC;

2. For costs of suit herein;

3. For such other and further relief as this Court deems just and proper.

///
///
///

| | | |
|---|---|---|
| 1 | DATED: August 4, 2021 | THE AGUILERA LAW GROUP, APLC |
| 2 | | |
| 3 | | *[signature]* |
| 4 | | |
| 5 | | A. Eric Aguilera |
| 6 | | Lindseé Falcone |
| | | V. René Daley |
| 7 | | Plaintiffs TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, CHARTER OAK FIRE INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY OF AMERICA, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA |

**PLAINTIFFS' COMPLAINT**